IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NADINE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:21-cv-03858-MLB-WEJ |
| RICKY L. CLARK, JR., individually | ) | |
| and in his official capacity as City | ) | |
| Manager for the City of Jonesboro; | ) | |
| WILFRED NORWOOD, individually | ) | |
| and in his official capacity as Interim | ) | |
| Chief of Police for the City of | ) | |
| Jonesboro; and THE CITY OF | ) | |
| JONESBORO, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF RICKY L. CLARK, JR., WILFRED NORWOOD, AND THE CITY OF JONESBORO, GEORGIA

Come now Ricky L. Clark, Jr. ("Clark"), Wilfred Norwood ("Norwood" and the City of Jonesboro, Georgia ("Jonesboro") (hereinafter Clark, Norwood, and Jonesboro may collectively be referred to as "these defendants") (hereinafter Clark and Norwood may be collectively referred to as "the individual Jonesboro defendants"), defendants in the above-referenced action, and answer plaintiff's complaint for damages as follows:

## FIRST DEFENSE

For a first defense, these defendants show that the complaint fails to state a claim against them upon which relief can be granted.

## SECOND DEFENSE

For a second defense, the individual Jonesboro defendants assert the defense of official function, discretionary immunity and show that at no time did any of them act with actual malice or actual intent to injure plaintiff equivalent to a deliberate intention to do wrong.

## THIRD DEFENSE

For a third defense, these defendants respond to the numbered paragraphs of the complaint as follows:

1.

In response to the allegations of paragraph 1, these defendants show that they are not required to respond to allegations in which plaintiff merely seeks to identify the claims he is asserting against any or all defendants.  To the extent that a further response is required, these defendants expressly deny that they breached any legal duties owed to plaintiff and assert that plaintiff is not entitled to recovery any damages from any of them. Except as expressly admitted herein, the allegations of this paragraph are denied.

2.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 and, therefore, these defendants can neither admit nor deny the same.

3.

In response to the allegations of paragraph 3, these defendants admit only that plaintiff was formerly employed as a probation officer with the City of Jonesboro and that plaintiff resigned from her position with Jonesboro on July 20, 2020. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

4.

In response to the allegations of paragraph 4, these defendants admit only that Clark is employed by Jonesboro as its City Manager.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

5.

In response to the allegations of paragraph 5, these defendants admit only that Clark is employed by Jonesboro as its City Manager.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

6.

In response to the allegations of paragraph 6, these defendants admit only that Norwood was formerly employed by Jonesboro as its Interim Chief of Police but that he is no longer employed by Jonesboro.  In further response, these defendants admit that service of the complaint has been acknowledged on his behalf.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

7.

In response to the allegations of paragraph 7, these defendants admit only that Norwood was formerly employed by Jonesboro as its Interim Chief of Police but that he is no longer employed by Jonesboro.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

8.

In response to the allegations of paragraph 8, these defendants admit only that Jonesboro is a municipal corporation, organized and existing under the laws of the State of Georgia, with all duties and powers inherent in its capacity as such.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

9.

The allegations of paragraph 9 are admitted.

10.

The allegations of paragraph 10 are admitted.

11.

The allegations of paragraph 11 are admitted.

12.

The allegations of paragraph 12 are admitted.

13.

The allegations of paragraph 13 are admitted.

14.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 and, therefore, these defendants can neither admit nor deny the same.

15.

In response to the allegations of paragraph 15, these defendants admit only that on July 2, 2020, plaintiff notified her supervisor, Cathy Graham, that her child's babysitter had been exposed to COVID-19. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

16.

In response to the allegations of paragraph 16, these defendants admit only that plaintiff was approved for annual leave from June 24, 2020 through July 3, 2020. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

17.

In response to the allegations of paragraph 17, these defendants admit only that on July 6, 2020, plaintiff notified her supervisor, Cathy Graham, that her child's babysitter was still in the hospital and that she was still waiting for the results of her COVID-19 test.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

18.

In response to the allegations of paragraph 18, these defendants admit only that plaintiff received a doctor's note instructing plaintiff to quarantine until July 23, 2020.  Except as expressly admitted herein, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 and, therefore, these defendants can neither admit nor deny the same.

19.

The allegations of paragraph 19 are admitted.

20.

In response to the allegations of paragraph 20, these defendants admit only that on July 9, 2020, Defendant Norwood advised plaintiff to contact City Manager Clark regarding requesting leave. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

21.

In response to the allegations of paragraph 21, these defendants admit only that on July 12, 2020, submitted her request for leave to City Manager Clark. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

22.

In response to the allegations of paragraph 22, these defendants admit only that on July 15, 2020, the city manager informed plaintiff that plaintiff exhausted all of her public health leave on July 17, 2020 and that if she was unable to return to work on July 20, 2020, she would be required to use three days of regular sick time. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

23.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 and, therefore, these defendants can neither admit nor deny the same.

24.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 and, therefore, these defendants can neither admit nor deny the same.

25.

The allegations of paragraph 25 are admitted.

26.

The allegations of paragraph 26 are admitted.

27.

The allegations of paragraph 27 are admitted.

28.

The allegations of paragraph 28 are denied as stated.

29.

In response to the allegations of paragraph 29, these defendants admit only that plaintiff resigned from her position with Jonesboro on July 20, 2020.

Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

30.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 and, therefore, these defendants can neither admit nor deny the same.

31.

The allegations of paragraph 31 are admitted.

32.

The allegations of paragraph 32 are denied as stated.

33.

In response to the allegations of paragraph 33, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-32 of the complaint, inclusive.

34.

In response to the allegations of paragraph 34, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

35.

In response to the allegations of paragraph 35, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

36.

In response to the allegations of paragraph 36, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

37.

In response to the allegations of paragraph 37, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

38.

In response to the allegations of paragraph 38, these defendants show that they are not required to respond to allegations in which plaintiff merely seeks to provide his legal analysis of duties and responsibilities imposed on Jonesboro

under federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

39.

In response to the allegations of paragraph 39, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

40.

In response to the allegations of paragraph 40, these defendants show that they are not required to respond to allegations in which plaintiff merely seeks to provide his legal analysis of duties and responsibilities imposed on Jonesboro under federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

41.

The allegations of paragraph 41 are admitted.

42.

The allegations of paragraph 42 are denied as stated.

43.

In response to the allegations of paragraph 43, these defendants admit only that Norwood was formerly employed by Jonesboro as its Interim Chief of Police but that he is no longer employed by Jonesboro.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

44.

The allegations of paragraph 44 are admitted.

45.

The allegations of paragraph 45 are denied.

46.

The allegations of paragraph 46 are denied as stated.

47.

The allegations of paragraph 47 are denied as stated.

48.

The allegations of paragraph 48 are denied as stated.

49.

In response to the allegations of paragraph 49, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the

allegations of this paragraph are denied as stated.

50.

In response to the allegations of paragraph 50, these defendants admit only that plaintiff used the phrase "FMLA leave" in her July 16, 2020 email to the city. Except as expressly admitted herein, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 and, therefore, these defendants can neither admit nor deny the same.

51.

The allegations of paragraph 51 are admitted.

52.

In response to the allegations of paragraph 52, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

53.

The allegations of paragraph 53 are denied as stated.

54.

In response to the allegations of paragraph 54, these defendants admit only

that plaintiff was formerly employed as a probation officer with the City of Jonesboro and that plaintiff resigned from her position with Jonesboro on July 20, 2020. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

55.

In response to the allegations of paragraph 55, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

56.

In response to the allegations of paragraph 56, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of federal law. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

57.

The allegations of paragraph 57 are denied as stated.

58.

The allegations of paragraph 58 are denied as stated.

59.

The allegations of paragraph 59 are denied as stated.

60.

The allegations of paragraph 60 are denied as stated.

61.

The allegations of paragraph 60 are denied as stated.

62.

Any other allegations in the complaint which have not been expressly admitted or otherwise addressed are hereby denied.

## FOURTH DEFENSE

For a fourth defense, these defendants show that none of them breached any legal duty owed to plaintiff.

## FIFTH DEFENSE

For a fifth defense, Jonesboro, Norwood, in his official capacity, and Clark, in his official capacity, assert the defense of sovereign immunity.

## SIXTH DEFENSE

For a sixth defense, Jonesboro shows that it is immune from any claims for punitive or exemplary damages.

Wherefore, having fully answered, these defendants pray that verdict and judgment be entered in their favor, with all costs cast against plaintiff; that they have a trial by a jury of six persons with regard to all triable issues; and that they have such other and further relief as the Court deems just and proper in the circumstances.

This 4th day of November, 2021.

/s/ Michael J. Rust
Michael J. Rust
Georgia Bar No. 621257
Alex Joseph
Georgia Bar No. 590921
*Attorney for Defendants*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, NE
Suite 1700 - Salesforce Tower Atlanta
Atlanta, Georgia  30326
(404) 870-7375 (Rust)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
mrust@grsmb.com
ajoseph@grsmb.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically served the foregoing **ANSWER OF RICKY L. CLARK, JR., WILFRED NORWOOD, AND THE CITY OF JONESBORO, GEORGIA** by filing the same with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 4th day of November, 2021.

 /s/ Michael J. Rust
Michael J. Rust
Georgia Bar No. 621257
Alex Joseph
Georgia Bar No. 590921
*Attorney for Defendants*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, NE
Suite 1700 - Salesforce Tower Atlanta
Atlanta, Georgia  30326
(404) 870-7375 (Rust)
(404) 870-7389 (Joseph)
(404) 870-7374 (Fax)
mrust@grsmb.com
ajoseph@grsmb.com